# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00934-CV

---

## In re Rise Title, LLC d/b/a Rise Title of Texas

---

### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

---

## O P I N I O N

A court has broad discretion to find parties in contempt for failing to comply with court orders applying to them of which they have notice. In a probate case, the trial court ordered that the proceeds of the sale of a parcel of the estate's real property be placed into the court registry. Although not a party to the probate case, relator Rise Title, LLC, d/b/a Rise Title of Texas had actual notice of the order but disbursed the sale proceeds to the estate's dependent administrator who reportedly absconded with those funds. The trial court found Rise in contempt and ordered that it purge that contempt by effectuating the court's original order to deposit the sale proceeds into the court registry. We conclude that the trial court did not abuse its discretion.

## BACKGROUND

The underlying proceeding—styled *In the Estate of Emma Rosalyn Green*, No. 21-1370-CP4 in the Williamson County Court at Law—is the dependent administration of an estate. In a dependent administration, an executor or other personal representative "can perform only a few transactions without seeking a court's permission." *In re Estate of Allen*, 658 S.W.3d

772, 778 (Tex. App.—El Paso 2022, no pet.). A dependent administrator must get court approval to sell the estate's real property. *See* Tex. Est. Code § 356.001.

The dependent administrator, Tamie Houston, filed a Report of Contract for the Sale of Real Property in which she represented to the trial court that she had found a buyer for real property owned by the estate (Property). The trial court signed a Decree Confirming and Approving Sale of Real Property (Sale Decree), which stated in relevant part: "IT IS THEREFORE ORDERED, that the sale of the real property described in the Report of Contract for the Sale of Real Property filed on October 13, 2022, is approved and confirmed. The proceeds from the sale shall be placed into the Court Registery [sic]."

Rise is a title company that assisted Houston in the closing of the Property. Rise was not served with citation in the probate case and is not mentioned in the Sale Decree. However, Rise obtained a copy of the Sale Decree because, according to Rise's Chief Operating Officer's testimony, Rise "needed to verify and confirm that the dependent administrator was granted authority by the court to sell the property." Rise provided a Proceeds Authorization form that was completed and signed by Houston, expressly as "Dependent Administrator pursuant to Decree Confirming and Approving Sale of Real Property under Cause No. 21-1370-CP4 in the County Court at Law No. 4 in Williamson County, Texas." In the form, Houston instructed Rise "to disburse[] the proceeds" to the credit-union account of the Estate via wire transfer. The Property's closing proceeded, and Rise—consistent with Houston's instructions—deposited the sale proceeds into the Estate's credit-union account. Rise's COO testified that Rise's deposit was consistent with its fiduciary duty owed to Houston and was consistent with industry standards. Rise's COO opined that the Sale Decree required Houston as the dependent administrator to place the sale proceeds into the court registry.

After Houston failed to transfer the proceeds into the court registry, failed to make timely accountings, and failed to appear at a compliance hearing or to respond to inquiries regarding the whereabouts of the proceeds from the sale, the trial court signed an order removing Houston as administrator and appointed a receiver. The receiver filed a motion for the court to require Rise to show cause why it should not be held in civil contempt for violating the Sale Decree by not depositing the proceeds into the court registry. After an evidentiary hearing on the show-cause motion, the trial court signed the Contempt Order (1) holding Rise in contempt of court for failing to deposit the proceeds into the court registry consistent with the Sale Decree and (2) ordering it to deposit $131,412.73 into the court registry within twenty days.

## DISCUSSION

Rise filed a petition for writ of mandamus challenging the Contempt Order, arguing that the trial court abused its discretion in finding Rise in contempt because it was not a party to the probate proceeding and was not named in the Sale Decree; the trial court had no personal jurisdiction over Rise to allow it to be held in contempt; and the Sale Decree did not specify the terms of compliance in clear, specific, and unambiguous terms such that Rise would readily know what duties and obligations were imposed on it. Rise seeks a writ of mandamus requiring the trial court to vacate the Contempt Order.

### I.     Applicable law

Mandamus is an extraordinary remedy. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). We will issue a writ of mandamus only if the relator establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding)). A trial

3

court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Cap. Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

Contempt is "disobedience to or disrespect of a court by acting in opposition to its authority." *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). It is a broad and inherent power of a court that should be exercised with caution. *Id.* Civil contempt is remedial and coercive in nature—conditioned on obedience to the court's order. *Id.* at 365. Thus, civil contempt is the process by which a court exerts its judicial authority to compel obedience to some order of the court. *In re Krueger*, No. 03-12-00838-CV, 2013 WL 2157765, at *4 (Tex. App.—Austin May 16, 2013, orig. proceeding) (citing *Ex parte Padron*, 565 S.W.2d 921, 924 (Tex. 1978) (orig. proceeding)). The goal is to persuade the contemnor to obey a previous order; the contemnor can avoid a conditional punishment by obeying the court's order. *Ex parte Busby*, 921 S.W.2d 389, 391 (Tex. App.—Austin 1996, pet. ref'd). Criminal contempt is punitive in nature—"the contemnor is being punished for some completed act which affronted the dignity and authority of the court." *In re Reece*, 341 S.W.3d at 365 (quoting *Ex parte Werblud*, 536 S.W.2d 542. 545 (Tex. 1976)). A trial court can punish a contemnor for a completed act by imposing a fine of not more than $500 and confinement in county jail for not more than six months. *See id.* at 366 (discussing Tex. Gov't Code § 21.002(b)).

Though the Contempt Order does not specify the type of contempt imposed, we conclude that it is civil contempt. The trial court did not punish Rise for the completed act of giving the proceeds to Houston. The court did not impose a fine, confine anyone, or require anything other than compliance with its Sale Decree. Rather, it ordered Rise to effectuate the

4

court's Sale Decree requirement that the proceeds of the property sale be deposited into the court registry. Accordingly, we will analyze the Contempt Order as a civil-contempt order.

## II.     Analysis

Rise contends that the trial court abused its discretion by holding Rise in contempt for violating an order in a case to which it was not a party. Rise asserts that, to hold an entity in contempt, the court must have jurisdiction over the subject matter and the entity and the authority to render the particular judgment or order, citing *Ex parte Britton*, 92 S.W.2d 224, 226 (Tex. 1936). There is no challenge to the trial court's jurisdiction over the subject matter of the probate case and no assertion that it lacked the authority to issue the Sale Decree.

Rise focuses on its absence as a party from the suit and the Sale Decree. Rise argues that it was not notified of the Sale Decree and that the Sale Decree did not clearly and unambiguously notify or apply to Rise because the Sale Decree did not mention Rise. Rise contends that a contempt order is void unless it sets out the terms of compliance in clear and unambiguous terms, citing *In re Edward D. Jones & Co.*, No. 03-98-00545-CV, 1999 WL 92287, at *3 (Tex. App.—Austin Feb. 25, 1999) (orig. proceeding) ("A court order is insufficient to support a contempt judgment if its interpretation requires inferences or conclusions about which reasonable persons might differ. [*Ex parte*] *Chambers*, 898 S.W.2d [257,] 258 [(Tex. 1995)]."). Rise argues that the Contempt Order was void as to it because Rise was not a party to the probate proceeding when the Sale Decree was issued or when Rise provided its services and handled the proceeds of the sale. *See In re Barrett*, No. 03-13-00742-CV, 2013 WL 6921312, at *2 (Tex. App.—Austin Dec. 23, 2013, orig. proceeding) (mem. op.) ("To be susceptible to an order of contempt, the person charged with obeying the underlying order must readily know exactly what duties and obligations are imposed based on clear, specific, and unambiguous terms.").

5

Though the order did not expressly name Rise, the trial court ordered that "[t]he proceeds from the sale shall be placed into the Court Regist[]ry." The order did not exclude Rise from the requirement that the proceeds "shall" be placed in the court registry. The question remains whether the Sale Decree bound Rise—a non-party not named in the decree.

Notice or knowledge of the order that one is charged with violating is a jurisdictional prerequisite to the validity of a contempt order. *Ex parte Bowers*, 886 S.W.2d 346, 349 (Tex. App.—Houston [1st Dist.] 1994, writ dism'd w.o.j.). For a person to be held in contempt for violating an order, the order "must be in the form of a command directed to the person rather than a mere declaration of the occurrence of an event in which he may be involved." *See Ex parte Snow*, 677 S.W.2d 147, 149 (Tex. App.—Houston [1st Dist.] 1984, no writ). The *Snow* case concerned a contempt order that resulted in confinement of the contemnor in jail for unpaid child support. *Id*. The court of appeals concluded in part that the divorce decree contained the required commanding language even though it "decreed" rather than "ordered" that he must pay child support. *Id*. The *Snow* court relied on *Ex parte Nash*, a case in which the court of appeals discharged a father who had been confined for contempt of an order declaring that the mother was entitled to possession of their children. 595 S.W.2d 571, 572 (Tex. App.—San Antonio 1979, no writ). The court of appeals in *Nash* held that, because the order that the mother was entitled to possession did not impose any duties on the father, he could not properly be held in contempt of that order. *Id.*

The Sale Decree in this in rem action expressly required that the sale proceeds be placed in the court registry. An application for probate is a proceeding in rem:

> The administration of the estate of a decedent, from the filing of the application for probate and administration, or for administration, until the decree of final

distribution and the discharge of the last personal representative, shall be considered as one proceeding for purposes of jurisdiction. **The entire proceeding is a proceeding in rem**.

Tex. Est. Code § 32.001(d). "An in rem judgment . . . is binding upon the whole world and specifically upon persons who have rights or interest in the subject matter, and this is so whether those persons were or were not personally served." *Ladehoff v. Ladehoff*, 436 S.W.2d 334, 336 (Tex. 1968); *see also Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981); *Burns v. Burns*, No. 12-22-00256-CV, 2023 WL 3033145, at *6 (Tex. App.—Tyler Apr. 20, 2023, pet. denied) (mem. op.). The in rem nature of the proceeding means that "all orders, judgments and decrees made by [the probate court], authorized by statute, when regular in form, are in rem and binding on everybody everywhere . . . ." *Gardner v. Union Bank & Trust Co.*, 159 S.W.2d 932, 935 (Tex. App.—Fort Worth 1942, writ ref'd). We find no indication that Rise is excluded from the scope of the Sale Decree.

Rise contends that the in rem aspect of the probate case is "over and done with" because the court has decided who is entitled to what from the Estate and has moved on to the selling and distribution phase. It notes that the Estates Code requires notice of the application for sale of estate property be issued "to all persons interested in the estate." *See* Tex. Est. Code § 356.253. But this specific notice provision does not conflict with or undermine the statutory declaration that "[t]he entire proceeding is a proceeding in rem" "until the decree of final distribution and the discharge of the last personal representative." *See id.* § 32.001(d). This probate proceeding was in rem when the Sale Decree was signed, when the sale occurred, and when Rise disbursed those sale proceeds to the Estate's account.

7

Rise's knowledge of and involvement in the court-authorized sale and control over Estate funds generated by the Estate property sold pursuant to court order distinguishes it from cases Rise cites in which people were wrongly held in contempt for violating orders in cases to which they were not parties. *See Britton*, 92 S.W.2d at 226-27; *see also Ex parte Harvill*, 415 S.W.2d 174 (Tex. 1967). Britton, a tenant on foreclosed lands, was found in contempt, jailed, and fined for failing to pay rent to the receiver of foreclosed lands. *Britton*, 92 S.W.2d at 225. The rent owed was not proceeds from the foreclosure sale and the receiver had not sued Britton to collect the rent. *Id.* at 226-27. The Texas Supreme Court concluded that the trial court lacked jurisdiction over Britton, who was not a party to the case, and held that the contempt order was void. *Id.* at 227. In *Harvill*, a receiver was appointed to take charge of marital property after a divorce, and Harvill refused to surrender to the receiver property he leased from his client, a party in a related dispute over land that was part of the marital estate. 415 S.W.2d at 175. Although counsel for a party, Harvill was not himself a party to the case. *Id.* When the court ordered the receiver to take possession and control of the property, Harvill refused to relinquish possession of the land. *Id.* Relying on *Britton*, the *Harvill* court concluded that the appointment of a receiver did not give the trial court the power to take property from non-parties. *Id.* at 176. Here, though Rise was not a party to the probate case, it played a role in the sale of the Property as title company in part of the dependent administration of the Estate. Unlike Britton and Harvill, Rise handled Estate funds that were proceeds of the property sale approved in the Sale Decree. Rise disbursed those proceeds contrary to the direction in the Sale Decree. Unlike Britton and Harvill, Rise's actions contravened a court order that bound the world—including Rise. *See Ladehoff*, 436 S.W.2d at 336; *Gardner*, 159 S.W.2d at 935.

Further, Rise actually knew the Sale Decree's terms. Rise reviewed the Sale Decree but concluded it was not bound by the Sale Decree because the decree did not mention Rise or an unspecified title company.[1] The testimony shows that Rise had notice of the Sale Decree's requirements.

The record supports a determination that the Sale Decree clearly and unambiguously required anyone—including Rise—to deposit the proceeds of the sale of the Property into the court registry, that Rise had notice of the Sale Decree's terms, that Rise had authority to disburse the proceeds of the sale, and that Rise did not deposit those proceeds in the court registry as required by the Sale Decree.[2]

## CONCLUSION

Rise has not shown that the trial court abused its discretion by holding Rise in contempt and ordering it to deposit funds equivalent to the sales proceeds into the court registry compliant with the obligations imposed by the Sale Decree. We deny the petition for writ of

---

[1] Rise's COO testified that orders like the Sale Decree will often "specifically address[] the title company and instruct[] the title company to place funds in the registry of the court." She testified that, without mention of the title company, the Sale Decree's requirement to place the sale proceeds into the court registry applied to Houston, not Rise. She said that she understood that other orders instructing the "title company" to place funds in the court registry bound Rise. She testified that, in other cases when a title company is mentioned in the order, "I consider us a party to the order because it specifically references title company" even when the orders do not name Rise. Though Rise's understanding of the issue is not binding on this Court, the testimony reveals that, in practice, Rise considers itself bound by probate court orders even if it is not a party to the case and is not expressly named in the order so long as an unspecified title company is mentioned.

[2] Whether the trial court could instead or additionally hold another person—including Houston—in contempt for failing to deposit the sale proceeds in the court registry is beyond the scope of this mandamus petition because the trial court was not asked for and did not provide that relief; why the receiver did not seek that relief, whether it is available, and whether Rise might seek to recover the sales proceeds from Houston (or whoever possesses them) is also beyond the scope of this mandamus proceeding.

9

mandamus. We terminate our order of November 26, 2025, staying the effects and enforcement of the trial court's Contempt Order signed November 12, 2025.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Theofanis and Crump;
  Dissenting Opinion by Justice Crump

Filed: July 10, 2026